UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
WHITNEY CAESAR,

                        Petitioner,

                  **MEMORANDUM & ORDER**

      -against-

                  05 CR 353

UNITED STATES OF AMERICA,

                       Respondent.
-------------------------------------------------------X
DEARIE, Chief Judge.

      Petitioner was indicted on charges of knowingly and intentionally conspiring to import five kilograms or more of cocaine in violation of 21 U.S.C. §§ 963, 960 (a)(1) and 960 (b)(1)(B)(ii). He pled guilty pursuant to a plea agreement to the lesser included offense of conspiracy to import an unspecified quantity of cocaine. At the plea proceeding, petitioner confirmed that he understood that as part of the plea agreement, he relinquished his right to appeal or otherwise challenge any sentence of 63 months or less. (Plea at 15.) This Court downwardly departed from the applicable United States Sentencing Guidelines range of 46 to 57 months and imposed a sentence of 30 months imprisonment on December 7, 2007. Peitioner did not appeal.

      More than 18 months later, on June 29, 2009, petitioner, pro se, filed papers requesting "reconsideration" of his sentence on the ground that his counsel persuaded him to plead guilty to a crime he contends he did not commit with the expectation that he would be sentenced to probation. He further claimed that he was unaware that the phone calls in which he participated related to the importation of drugs. Because petitioner's request for reconsideration challenged the validity of his conviction, this Court construed it as a motion pursuant to 28 U.S.C. § 2255.

In accordance with Castro v. United States, 540 U.S. 375, 383 (2003), by Memorandum & Order dated December 8, 2009, petitioner was directed to notify this Court in writing within thirty days whether he wished to withdraw the application and informed that if he failed to do so, the application would be considered a motion under 28 U.S.C. § 2255. Further, because petitioner's motion appeared to be time-barred under the one-year limitations period applicable to Section 2255 petitions,[1] he was directed to submit an affirmation presenting any facts which would support equitable tolling of the statute of limitations. Petitioner did not respond.

Instead, more than five months later, petitioner moves to "reopen," raising the same ineffective assistance of counsel grounds he raised in his June 29, 2009 application. Accordingly, pursuant to this Court's December 2009 order, petitioner's June 2009 application

---

[1] The one-year period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Because petitioner did not file an appeal, his conviction became final when his time to file a direct appeal expired. See Moshier v. U.S., 402 F.3d 116, 118 (2d Cir. 2005). (holding "that, for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires").

for reconsideration is construed as a motion to vacate pursuant to 28 U.S.C. § 2255.

The Clerk of the Court is directed to assign the motion to vacate a civil number. Further, the motion is dismissed as untimely. A certificate of appealability will not issue, see 28 U.S.C. § 2253(c)(2), and the Clerk of the Court is directed to close the case. Petitioner's motion to "reopen" is denied.

SO ORDERED.

Dated: Brooklyn, New York
August 17, 2010

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge